# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HERBERT DALE THOMAS | § § § | |
| V. | § | CASE NO. 4:12-CV-670 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § § § | (Judge Mazzant) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act (the "Act"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

On October 10, 2006,[1] Plaintiff filed an application for disability insurance benefits and supplemental security income, with an alleged onset date of February 16, 2006 (TR 339). After his initial application and request for reconsideration were denied, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on December 9, 2008 (TR 63-68, 72-75, 21-56). The ALJ issued an unfavorable decision on January 16, 2009 (TR 12-20). The Appeals Council denied further review and Plaintiff filed a civil complaint and a second application for benefits (TR 1-3, 565). The District Court remanded the claim to the Appeals

---

[1] Plaintiff's initial application is dated October 12, 2006 (TR 113), though both the Plaintiff's Brief (Pl. Br. at 2) and the ALJ's July 25, 2011 Notice of Decision (TR 339) refer to the application date as October 10, 2006. Presumably, the parties are referring to the same document.

1

Council on March 30, 2010, who in turn remanded it to the ALJ for an additional hearing (TR 395-6, 397-401). From this hearing, the ALJ rendered an unfavorable decision on July 25, 2011 (TR 357-72, 336-56). Plaintiff filed written exceptions, and the Appeals Council denied further review (TR 373-79, 332-35).

## STATEMENT OF THE FACTS

Plaintiff was born on March 2, 1957, making him forty-eight years old on the alleged onset date (TR 19). He was a younger individual on the alleged onset date, and closely approaching advanced age on July 25, 2011.[2] Plaintiff has completed high school and worked as an apartment complex maintenance man (TR 19, 24, 349). His last insured date is December 31, 2010 (TR 136).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

In his July 25, 2011 decision, the ALJ determined Plaintiff had severe impairments from degenerative disc disease, mild osteoarthritis, chronic obstructive pulmonary disease, and right hand contracture of the third, fourth and fifth digits (TR 342). He has not engaged in any substantial gainful activity since his alleged onset date, February 15, 2006. Despite these impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments that equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P (TR 343). Plaintiff has a residual functional capacity for light and sedentary work, meaning he is able to lift or carry at least 20 pounds occasionally and at least ten pounds frequently, to stand or walk for at least six hours in an eight-hour work day, and to sit for at least six hours in an eight-hour work day. The ALJ also found that Plaintiff must avoid fumes, odors, dusts, gases and poor ventilation, and can

---

[2] Plaintiff reached advanced age on March 2, 2012, and contends he should be found disabled according to the medical-vocational guidelines for advanced age. However, the relevant age category for applying the medical-vocational guidelines is the age at the time of the ALJ's decision. *Brophy v. Halter*, 153 F. Supp. 2d 667, 670 (E.D. Pa. 2001). As it is the July 25, 2011 decision at issue here, Plaintiff is considered to be closely approaching advanced age.

handle and finger frequently but not constantly (TR 344). Based on the testimony of a vocational expert, the ALJ found Plaintiff could not perform any past relevant work, but there are jobs that exist in significant numbers in the national economy that Plaintiff could perform (TR 349).

## **STANDARD OF REVIEW**

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook,* 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520. First, a claimant who at the

time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

## **ANALYSIS**

Plaintiff raises the following issues on appeal: that the ALJ's July 25, 2011 decision violated the District Court's March 30, 2010 Final Judgment and Order and the Appeals Council's February 24, 2011 remand order by failing to (1) update the medical record and consolidate both applications; (2) obtain a medical expert;(3) properly assess Plaintiff's manipulative limitations; and (4) elicit credible vocational expert testimony.

Plaintiff contends that the ALJ's findings are not supported by substantial evidence because the ALJ violated the Court and Appeals Council's orders by failing to update the record and consolidate both applications, and consequently the case record lacked medical records that formed part of Plaintiff's second application.[3] In considering whether substantial evidence exists, the ALJ considers the record as a whole. *Singletary v. Bowen*, 798 F.2d 818, 822-23 (5th Cir.

---

[3] Plaintiff also contends he had not received a copy of the consolidated record. However, Plaintiff does not refute Commissioner's argument that Plaintiff received the consolidated record at the time the Commissioner filed its brief, and Plaintiff elected not to file a supplemental brief when given the opportunity to do so.

4

1986); *Davis v. Shalala*, 859 F. Supp. 1011, 1015 (N.D. Tex. 1994). On remand, the Appeals Council instructed the ALJ to "associate the claim files and issue a new decision on the associated claims" (TR 400).

The ALJ decision indicates the ALJ associated and reviewed evidence from both applications in reaching its findings. From Plaintiff's second application, submitted in 2009, the ALJ discussed x-rays taken on June 2, 2009, citing to them as exhibits B3F/1 and B3F/2 (TR 343). The ALJ also discussed the medical records from Agape House, citing these as exhibit B8F (TR 343). He noted that Plaintiff visited Agape House periodically, but not consistently, in 2010 and 2011 for assistance with his prescriptions (TR 347). The ALJ's decision also included discussion of records and testimony from Plaintiff's first application and hearing, including an analysis of Dr. Strom's testimony at the hearing for the first application in 2008 (TR 346).[4] As the ALJ cites directly to and discusses medical records included in Plaintiff's second application, as well as testimony included in Plaintiff's first application, the Court finds that the ALJ associated both applications and considered the record as a whole.

Plaintiff next asserts that there is no substantial evidence to support the ALJ's finding because the ALJ did not obtain additional medical expert testimony to review the consolidated record, as required upon remand. Both the District Court and the Appeals Council mentioned additional expert testimony, but neither remand order requires the ALJ to obtain further testimony (TR 396, 399-400). Plaintiff mischaracterizes the order and remand order, as both orders qualified the statement with the words "if necessary"[5] (TR 396, 399-400). By the

---

[4] Plaintiff contends the transcript of this hearing is not listed on the list of exhibits for the July 25, 2011 decision. This Court notes Dr. Strom's testimony is in fact listed on the exhibit list (TR 353).

[5] The District Court's order states, "*If necessary*, the ALJ will obtain" medical testimony (TR 396) (emphasis added). The remand order states the ALJ on remand will "*if necessary*, obtain evidence from a medical expert" (TR 399) (emphasis added).

5

language of the orders, the ALJ has discretion to determine whether additional medical expert testimony was required to clarify Plaintiff's condition. The decision whether to obtain additional medical expert testimony was discretionary, and not within the scope of this Court's review. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) (finding the court cannot re-weigh evidence, review *de novo*, or substitute its own judgment for that of the Commissioner).

Plaintiff next asserts that there is no substantial evidence to support the ALJ's finding on manipulative limitations because the ALJ did not review the record as a whole, did not obtain guidance from a medical expert, and violated the prior orders by failing to provide his rationale with specific references to support the findings.

The District Court's order required the ALJ to "address the extent of the Plaintiff's manipulative limitations" (TR 396). The Appeals Council's remand order specified that the ALJ should "provide rationale with specific references to evidence of record in support of assessed limitations" and "address the extent of the claimant's manipulative limitations" (TR 400). The ALJ has the sole responsibility for determining a claimant's residual functional capacity. Social Security Ruling 96-8p. The residual functional capacity reflects the maximum ability a claimant retains on a "regular and continuing basis." SSR 96-8p. This finding is based on "all of the relevant evidence in the … record." SSR 96-8p. The ALJ's finding is given much weight, and this Court may overturn it only if it is not supported by substantial evidence. *Carey*, 230 F.3d at 135.

The ALJ directly addresses the issue of the claimant's manipulative limitations in finding five of its decision, citing to the medical evidence on record to support the finding and providing rationale the finding (TR 343-49). The ALJ reviewed all of the evidence in the record to reach its

decision on the claimant's manipulative limitations.[6] In its decision, the ALJ refers specifically to the medical records from Dr. Steel, Dr. Gill, and Dr. Nachimson, as well as state agency physicians (TR 345-49). There is some evidence that Plaintiff has lost sensation in his right harm and has contractures in his right hand. In 2006, Dr. Nachimson found Plaintiff had lost some sensation in his right forearm and fingers (TR 345). Dr. Kilgore examined Plaintiff in 2009 and found he could make a full fist and had "mild to moderate flexion contractures of the right hand" (TR 346). In 2009, Dr. Strom found Plaintiff had lost some sensation in his right arm (TR 346).

Contrarily, other medical experts found Plaintiff has no limitations in the use of his right hand. In 2008, Dr. Steele found Plaintiff had some issues with his right hand but he could use it (TR 348). In 2008, Dr. Gill found Plaintiff could "actively extend his third to fifth digits … with full range of motion and no pain" (TR 348). The ALJ gave great weight to Dr. Steele and the state agency physicians' determinations, who found no limitations on the claimant's ability to finger (TR 348, 653). Additionally, the ALJ gave great weight to Dr. Gill's determination of numbness in the fingers (TR 348). In addition to discussing the medical evidence on record and the medical expert testimony, the ALJ also reviewed testimony from Plaintiff, as well as Plaintiff's sister. The ALJ accorded this testimony little weight because it was "out of proportion with the objective medical findings" and the sister's testimony was "outweighed by other factors." (TR 347-48). After discussing the comparative weight of the evidence, including the claimant's subjective complaints, the ALJ found a residual functional capacity for "fingering frequently … but not constantly" (TR 344).

The ALJ did not violate the District Court's order or the Appeals Council's remand order because it both addressed the extent of Plaintiff's manipulative limitations, and provided rationale to support its finding with citations to evidence contained in the record for the

---

[6] *See supra* p. 5.

consolidated applications. This Court finds no error here, and determines the ALJ's finding is supported by substantial evidence.

Plaintiff next asserts that the vocational expert's testimony at the July 25, 2011 hearing was not credible because the ALJ never asked whether the expert's testimony was consistent with the *Dictionary of Occupational Titles* ("DOT"). The ALJ has an affirmative duty to "fully and fairly" develop the record. *Carey,* 230 F.3d at 142. However, the plaintiff must demonstrate that he "could or would have adduced evidence that he might have altered the result" in order to reverse the ALJ's decision for failure to develop the record. *Id.* (internal citation omitted).

While the ALJ did not ask the vocational expert whether her testimony was consistent with the DOT, Plaintiff does not indicate that there was any conflict between the vocational expert's testimony and the DOT. Even if there is such a conflict, Plaintiff did not allege that he would have adduced further evidence to change the outcome of the ALJ's decision. *See* Pl. Br. 1-15; *see Carey*, 230 F.3d at 142. Therefore, the error in failing to ask whether the vocational expert's testimony was consistent with the DOT, if any, does not warrant reversal. *See Deleon v. Barnhart*, 174 F. App'x 201, 203 (5th Cir. 2006); *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988); *Qualls v. Astrue*, 339 F. App'x 461 (5th Cir. 2009).

The record indicates the ALJ closed the hearing without expressly asking Plaintiff's counsel whether he planned to cross-examine the vocational expert (TR 371). Plaintiff contends that the ALJ did not allow plaintiff's counsel to cross-examine the vocational expert, and this failure to allow for cross-examination was an error of law. The ALJ does not have a duty to inform counsel of his right to cross-examine the vocational expert. *Glass v. Shalala*, 43 F.3d 1392, 1396, n.3 (10th Cir. 1994); *Coffin v. Sullivan*, 895 F.2d 1206, 1212 (8th Cir. 1990). The Fifth Circuit requires applying the harmless error rule to determine whether the claimant's

substantial rights have been affected by a procedural error. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). However, plaintiffs are not allowed to "scan the record for imperfections and claim reversible error," particularly if the error "was not deemed sufficient to merit adversarial development in the administrative hearing." *Carey*, 230 F.3d at 146-47; *Morris,* 864 F.2d at, 335.

There is no indication in the record that Plaintiff's counsel objected to the closing of the record before he could cross-examine the vocational expert, nor is there any other indication that the attorney wished to conduct a cross-examination (TR 370-71). Plaintiff's counsel represented Plaintiff at the December 9, 2008 hearing as well, where he previously exercised his right to cross-examine the vocational expert (TR 54-56). Plaintiff's counsel knew of his right to cross-examine the witness, yet failed to object to the closing of the record without an opportunity to cross-examine. Plaintiff waived his right by failing to raise any objection at the hearing, and the ALJ's lack of invitation to do so is not barrier to asserting this right. *See Glass*, 43 F.3d at 1396, n.3. Plaintiff does not refute this contention as raised by the Commission.[7] Comm'r Br. 9. This Court finds that Plaintiff waived his right to cross-examination by his silence at the hearing when the ALJ moved to close the record. *Carey*, 230 F.3d at 146-47; *Morris*, 864 F.2d at 335; *see also Quintanilla v. Astrue*, 619 F. Supp. 306 (S.D. Tex. 2008) (finding claimants waive their right to challenge a deficient hypothetical if not addressed at the hearing). Even it it was not waived, Plaintiff fails to demonstrate any harm.

This Court finds the ALJ consolidated Plaintiff's two applications and considered the record as a whole, exercised its discretion in determining not to seek additional medical expert testimony, and supported its finding with substantial evidence in compliance with the District Court and Appeals Council's order and remand order. Additionally, Plaintiff waived his right to

---

[7] *See supra* p. 5, n.3.

cross-examination of the vocational expert. This Court finds no error of law and finds that the ALJ's findings are supported by substantial evidence. As such, this court must affirm the ALJ's decision. *Greenspan*, 38 F.3d at 236; 42 U.S.C. § 405(g).

## **CONCLUSION**

Pursuant to the foregoing, this Court finds that the decision of the Administrative Law Judge is **AFFIRMED**.

**SIGNED this 13th day of June, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE